IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

_____

|                                    |                                    |
| WILLIAM SHERRATT,                  | **MEMORANDUM DECISION**            |
|                                    | **AND ORDER**                      |
|         Plaintiff,                 |                                    |
|   vs.                              | Case No. 2:09-CV-978-DAK           |
|                                    |                                    |
| UTAH STATE PRISON et al.,          | District Judge Dale A. Kimball     |
|                                    |                                    |
|         Defendants.                |                                    |

_____

Plaintiff, William Sherratt, an inmate at Utah State Prison, filed a civil rights complaint against several Utah State Prison defendants. As discussed below, the Court concludes that Sherratt must pay the filing fee before this case can proceed.

The *in forma pauperis* statute authorizes a court to let an indigent prisoner file a complaint in federal court without prepaying the filing fee.[1] But, it also restricts those who have repeatedly filed complaints that are frivolous or fail to state a valid claim. The relevant portion of the statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

"These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"[3]

---

[1] 28 U.S.C.S. § 1915(a) (2009).

[2] *Id.* § 1915 (g).

[3] *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C.Cir. 1997)).

The Court previously granted Sherratt permission to proceed here under § 1915, without prepaying his court filing fee.[4] However, the court is aware that Sherratt has filed numerous complaints in the United States District Court for the District of Utah that were dismissed as frivolous or failing to state a claim upon which relief may be granted.[5]

Section 1915(g) applies here because (1) Sherratt was a prisoner when he filed this complaint; and (2) he has filed three or more prior cases in federal court that have been dismissed as failing to state a claim or frivolous. The language of section 1915(g) is mandatory. Thus, a federal prisoner who falls within the three-strikes provision is required to prepay the entire filing fee before his claims may proceed further.

### ORDER

Sherratt is not eligible to proceed further without prepaying the filing fee in this case because he has filed three or more cases in federal court which have been dismissed as failing to state a claim or frivolous. Therefore, Sherratt is **DENIED** leave to proceed without prepayment of fees. He is **ORDERED** to pay the entire $350 statutory filing fee within thirty days from the date of this order. Failure to do so will result in the dismissal of the complaint.

DATED this 2nd day of December, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[4] Order on Application to Proceed without Prepayment of Fees, docket no. 2, filed Nov. 16, 2009.

[5] *See Sherratt v. Shurtleff*, No. 2:07-CV-393 DB (D. Utah Mar. 5, 2008) (dismissing complaint for failure to state claim upon which relief may be granted); *Sherratt v. Durham*, No. 2:07-CV-264 TS (D. Utah Mar. 3, 2008) (same); *Sherratt v. Braithwaite*, No. 2:05-CV-658 TS (D. Utah July 11, 2007) (same), *aff'd*, No. 07-4168 (10th Cir. Jan. 23, 2008); *Sherratt v. Billings*, No. 2:05-CV-912 TC (D. Utah June 12, 2006) (same).